Boynton, J.
The original action was one of slander, the petition in which charged the defendant with maliciously speaking of and concerning the plaintiff, in the presence of others, words imputing to him an act of sodomy. A *185 demurrer to the petition was sustained, and judgment given for the defendant. On error to the district court, the judgment ■of the court of common pleas was affirmed. The object of the present proceeding in error is to reverse both judgments. We fully agree with counsel for the plaintiff, that the words spoken ■of his client were of the grossest and most scandalous character. It would be difficult to put into words, a charge, which, if believed, would more certainly exclude from society the one .against whom the same was made, or more surely expose him to public odium and disgrace. Formerly, in England, the offense was deemed of a nature so heinous, that the delicacy of the common law would not permit it to be named in its indictments. 4 Blackstone Comm. 215.
But, notwithstanding this, the act itself has never been dedared a crime in Ohio. Nor has it ever been enacted that an imputation that a person is guilty of such act, however untrue and malicious, shall lay the foundation for an action of slander. It may be, and quite likely is, true, that this want of statutory regulation upon the subject, has resulted, in the one case, from a reluctance to believe that a human béing could be found .sufficiently depraved to perpetrate so foul an act; and, in the other, so reckless of another’s rights as to charge the existence of such act, without the most undoubted proof of its truth.
However this may be, the fact remains that no statutory regulation upon 'the subject exists, and from this it follows that the words set out in the petition are not in themselves .actionable, and consequently, unaided as they are by matter .showing special damage, lay no foundation for recovery, unless, because of the character of the act imputed by them, they are held to constitute an exception to the general rule. See Hollingsworth v. Shaw, 19 Ohio St. 430. This precise question was before the commission in Davis v. Brown, 27 Ohio St. 326, where it was held that no such' exception prevailed.
To this .ruling we are inclined to adhere. Some members of the court, in view o£ the heinous character of the charge, and of its direct and certain tendency to degrade and exclude ■from decent society the person against whom the same is made, would have inclined to regard the injury as one which *186 the law, now existing, is adequate to redress, while the remaining members are of the opinion that Davis v. Brown was correctly decided.
We are all agreed, however, that that case ought not to be-overruled. If injustice may result, as doubtless it may, from adhering to the rule there asserted, the remedy is with the legislature.
It would be an easy matter to make sodomy a crime, or to-give the party wrongfully charged with committing it, a right, of action against his accuser.
■ Judgment affirmed..